UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


LATASHA LOPER, *Pro Se*,               )          Case No.: 1: 17 CV 1000
                                       )
      Plaintiff                 )
                                       )          JUDGE SOLOMON OLIVER, JR.
      v.                        )
                                       )
FBI- CLEVELAND FIELD OFFICE, *et al.*, )
                                       )
                                       )          <u>MEMORANDUM OF OPINION</u>
      Defendants                )          <u>AND ORDER</u>


     *Pro Se* Plaintiff Latasha Loper has filed this *in forma pauperis* civil action against the

Cleveland Field Office of the Federal Bureau of Investigation (the "FBI"), the United States Attorney

General, and the United States Attorney for the Northern District of Ohio.  (ECF No. 1.)  Her

Complaint does not set forth factual allegations that are intelligible to the Court, but instead consists

of a series of unclear and conclusory statements and assertions generally indicating that unnamed

FBI agents have harassed and harmed her family in multiple ways.  For instance, the Plaintiff alleges,

without intelligible supporting facts, that "FBI agents . . . have put forth effort to undermine and

destroy [her] and [her] children['s] values and beliefs . . . by the use of prolonged interrogations,

drugs, torture, e[tc]., and have induced radically different Ideas."  (*Id*. at 3.)

     Seeking $70 million in compensatory and punitive damages, a "full investigation," and the

"impeachment" of unnamed FBI agents, the Plaintiff asserts she seeks to sue the "Federal Bureau

of Investigations Washington, D.C. Field Office Criminal division agents for Hate Crime 18 U.S.C. § 249, Fair Housing 42 U.S.C. § 3631, Violent interference with federally Protected Rights18 U.S.C. § 245, (Conspiracy) Corrupt Activity, [and] Aiding and Abetting 18 U.S.C. § 2." (*Id*. at 1.) In addition, she asserts she seeks to sue the "Federal Bureau Investigation agents Criminal division, and Surveillance and Aviation division for Hate Crime 18 U.S.C. § 249, fair Housing 42 U.S.C. § 3631, 18 U.S.C. § 247 obstruction of persons in the free exercise of religious beliefs[,] . . . 18 U.S.C. § 245 Violent interference with federally protected rights, [and] 18 U.S.C. § 1961 Racketeer Influenced and Corrupt Organization." (*Id*.)

Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). That is, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. In addition, in order to state a claim, a complaint must contain allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Even according the Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, the Court finds it must be dismissed under these standards. With the exception of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), all of the federal statutes on which the Plaintiff relies for relief in this case are federal criminal statutes which the Plaintiff as a private citizen may not enforce, and/or which do not give rise to a private damages claim. *See Franklin v. Henderson*, 15 F. App'x 205, 207, 2001 WL 861697, at *1 (6th Cir. 2001) (a private citizen has no authority to initiate a federal criminal prosecution or bring a civil damages claim under a federal criminal statute). Further, although the RICO statute contains a civil enforcement provision (18 U.S.C. § 1962(c)), the Plaintiff's vague, conclusory, and generalized allegations are simply insufficient to suggest she may have a plausible RICO claim, which requires a plaintiff to establish "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The Plaintiff's allegations do not plausibly suggest such elements.

Finally, the doctrine of sovereign immunity bars damages actions against federal agencies, including damages suits against federal officials in their official capacities. *Miller v. F.B.I.*, Case No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998). The Plaintiff's damages claims against the Defendants in this case – the FBI, the U.S. Attorney General, and the U.S. Attorney for the Northern District of Ohio – are subject to dismissal for this reason as well.

**Conclusion**

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (ECF No. 2 ) is granted,

but for the reasons stated above, her Complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

The court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could

not be taken in good faith.

     IT IS SO ORDERED.


                              /S/ SOLOMON OLIVER, JR.
                              UNITED STATES DISTRICT JUDGE


October 17, 2017